IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HENRY W. BOHANNON,       )
                            )    2:  11-cv-01127-PK
        Petitioner,      )
                            )
    v.                    )
                            )    FINDINGS AND RECOMMENDATION
STEVE FRANKE,          )
                            )
        Respondent.      )

Anthony D. Bornstein
Office of the Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon  97204

      Attorney for Petitioner

Ellen F. Rosenblum
Attorney General
Andrew Hallman
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301

      Attorneys for Respondent

///

1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner Henry W. Bohannon brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his departure sentences imposed on rape and sodomy convictions. For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus [28] should be denied, and Judgment should be entered dismissing this action with prejudice.

<u>BACKGROUND</u>

On June 23, 2003, the Lane County Grand Jury returned an indictment charging Bohannon with one count of Sexual Abuse in the First Degree, one count of Rape in the First Degree and one count of Sodomy in the First Degree. Respondent's Exhibit 103. Following a jury trial, Bohannon was convicted on all counts and the sentencing court imposed a sentence totaling 360 months. Respondent's Exhibit 101. Finding grounds for upward departure based on the victim's particular vulnerability, as well as the particularly egregious nature of the offenses, the court imposed a 240-month departure sentence on the rape conviction, consecutive to a 120-month departure sentence on the sodomy conviction. Petitioner did not object to the imposition of these departure sentences on Sixth Amendment grounds at the time of his sentencing hearing.

Bohannon filed a notice of appeal in March 2004. On June 24, 2004, the United States Supreme Court issued *Blakely v. Washington*,

542 U.S. 296 (2004), determining that an upward sentencing departure based solely on judicial factual findings, as opposed to factual findings determined by a jury, violated the Sixth Amendment. Accordingly, in his opening direct appeal brief, filed in January 2005, Bohannon contended that pursuant to *Blakely*, his upward departure sentences violated the Sixth Amendment and should be reviewed by the Oregon Court of Appeals as plain error.

The Oregon Court of Appeals initially vacated Bohannan's sentences and remanded to the trial court for resentencing. *See* Respondent's Exhibit 108. But following the state's petition for review, the Oregon Supreme Court reversed and remanded to the Oregon Court of Appeals for reconsideration in light of *State v. Ramirez*, 343 Or. 505, 173 P.3d 817 (2007), *adh'd to on recons*, 344 Or. 195 (2008), and *State v. Fults*, 343 Or. 515, 173 P.3d 822 (2007). On remand, the Oregon Court of Appeals concluded in a written opinion that it would not exercise its discretion to review the sentencing error, and the Oregon Supreme Court denied review. *State v. Bohannon*, 227 Or. App. 353 (2009), *rev. denied* 346 Or. 364 (2009); Respondent's Exhibits 106-117.

Bohannon next filed for post-conviction relief ("PCR") in state court. The PCR trial court denied relief on his PCR Petition. *Bohannon v. Mills*, Umatilla County Circuit Court Case No. CV091138; Respondent's Exhibit 135. On appeal, the Oregon Court of Appeals affirmed without written opinion, and the Oregon

3 - FINDINGS AND RECOMMENDATION

Supreme Court denied review. *Bohannon v. Mills*, 239 Or. App. 187 (2010), *rev. denied* 349 Or. 654 (2011); Respondent's Exhibits 136-139.

On September 19, 2011, Bohannon filed this action. His sole claim for relief as set forth in his Amended Petition [28] is the following:

> The Two Upward Departure Sentences Imposed by the Trial Judge Were based on Judicial Fact-findings and Were Not Based on Proof Beyond a Reasonable doubt. As such they Violate the Sixth Amendment as Interpreted in *Blakely v. Washington*, 542 U.S. 296 (2004).

Respondent asks the Court to deny relief on the Amended Petition because: (1) Bohannon's claim is untimely and does not relate back to the claims set forth in his timely filed pro se petition; (2) the claim is procedurally defaulted; and (3) it lacks merit.[1]

///

///

///

_____

[1] Because the Court finds below that Bohannon's only claim is procedurally defaulted, that he has not demonstrated cause and prejudice to excuse such default, and that the claim is otherwise without merit, it declines to resolve the question of whether the claim is untimely and/or whether it relates back to the claims in the original petition. *See Day v. McDonough*, 547 U.S. 198, 199 (2006)("[T]he Court holds that a district court has discretion to decide whether the administration of justice is better served by dismissing the case on statute of limitations grounds or by reaching the merits of the petition. This resolution aligns the statute of limitations with other affirmative defenses to habeas petitions, notably exhaustion of state remedies, procedural default, and nonretroactivity.").

4 - FINDINGS AND RECOMMENDATION

DISCUSSION

I.    Exhaustion and Procedural Default

      A.    Standards.

      A habeas petitioner must exhaust his claims by presenting them
to the state's highest court, either through a direct appeal or
collateral proceedings, before a federal court will consider the
merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982).
"As a general rule, a petitioner satisfies the exhaustion
requirement by fairly presenting the federal claim to the
appropriate state courts . . . in the manner required by the state
courts, thereby 'affording the state courts a meaningful
opportunity to consider allegations of legal error.'"  *Casey v.
Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v.
Hillery*, 474 U.S. 254, 257, (1986)).  If a habeas litigant failed
to present his claims to the state courts in a procedural context
in which the merits of the claims were considered, the claims have
not been fairly presented to the state courts and are therefore not
eligible for federal habeas corpus review.  *Castille v. Peoples*,
489 U.S. 346, 351 (1989).

      When a state prisoner fails to exhaust his federal claims in
state court and the state court would now find the claims barred
under applicable state rules, the federal claims are procedurally
defaulted.  *Casey*, 386 F.3d at 920; *Coleman v. Thompson*, 501 U.S.
722, 735 n.1 (1991).  Similarly, if a federal constitutional claim

is expressly rejected by a state court on the basis of a state procedural rule that is independent of the federal question and adequate to support the judgment, the claim is procedurally defaulted. *Coleman*, 501 U.S. at 750; *Cook v. Schriro*, 538 F.3d 1000, 1025 (2008), *cert. denied*, 129 S.Ct. 1033 (2009).

Under the independent and adequate state rule doctrine, federal habeas review is prohibited when a state court declined to address a prisoner's federal claims on the ground that the prisoner failed to meet a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 81 (1977). A state procedural rule constitutes an adequate procedural bar if it was "firmly established and regularly followed" at the time the rule was applied by the state court. *Ford v. Georgia*, 498 U.S. 411, 424 (1991); *Poland v. Stewart*, 169 F.3d 573, 585 (9th Cir.), cert. denied, 528 U.S. 845 (1999).

Once the state has pleaded the existence of an independent and adequate state procedural ground as an affirmative defense, the burden shifts to the petitioner to place that defense in issue. *Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir.), *cert. denied*, 540 U.S. 938 (2003). The petitioner may satisfy his burden by asserting specific factual allegations demonstrating the inadequacy of the state procedure, including citation to authority demonstrating the inconsistent application of the state rule at issue. *Id.* at 586. Once the petitioner has met this burden, the

6 - FINDINGS AND RECOMMENDATION

burden then shifts back to the state, and the state bears the ultimate burden of proving the adequacy of the state procedural rule. *Id.*

If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

B.   **Analysis**

As noted above, Bohannon first raised his Sixth Amendment *Blakely* claim in his direct appellate brief. Nevertheless, he argues that the merits of his *Blakely* claim were fairly presented to the Oregon appellate courts twice. First, he contends he presented it on direct review when the Oregon Court of Appeals initially reversed his sentence based on *Blakely* and then later declined to exercise its discretion to review the Sixth Amendment claim as plain error. And second, he maintains the *Blakely* issue was briefed during his post-conviction proceedings when he raised an ineffective assistance of trial counsel claim for failing to object to the upward departure sentences on Sixth Amendment grounds.

Notably, the Honorable Dennis J. Hubel has addressed and rejected these arguments in his resolution of another habeas action that came before this Court. *See Tatarinov v. Belleque*, 2012 WL 487883, *5 (D. Or. Jan. 17, 2012)(Hubel, M.J.), adopted by 2012 WL 487855 (D. Or. Feb. 14, 2012)(Hernandez, D.J.), *on appeal Tatarinov v. Premo*, 12-35184.  On nearly identical procedural facts, Judge Hubel determined that the Oregon Court of Appeals declined to hear the merits of that petitioner's unpreserved *Blakely* claim based on an independent and adequate state procedural rule, and therefore, the claim was procedurally defaulted.  Specifically, Judge Hubel found that ORAP 5.45(1), the Oregon appellate rule governing unpreserved errors, is independent of federal law and has been consistently applied.

Like Bohannon, the petitioner in *Tatarinov* argued that the Oregon Court of Appeals necessarily decided the merits of his Sixth Amendment claim when it recognized that the judicial fact finding supporting the upward departure sentences constituted plain error. He argued that despite questions about the proper exercise of its discretion under Oregon's plain error standard, the court necessarily recognized the *Blakely* error, and therefore, ORAP 5.45(1) is not independent of federal law.

The Court adopts Judge Hubel's analysis rejecting both this argument[2] as well as any assertion that because in certain cases the Oregon Court of Appeals exercised its discretion to review some unpreserved *Blakely* claims, the rule has necessarily been inconsistently applied.

Moreover, the Ninth Circuit recently held that Oregon's determination, that an unpreserved *Apprendi* claim was not error apparent on the face of the record, was independent of federal law. *Nitschke v. Belleque*, 680 F.3d 1105 (9th Cir. 2012). While Bohannon disagrees with this decision, he acknowledges that the court in *Nitschke* rejected the petitioner's argument that "[r]ather than merely categorizing the error . . . . the Oregon Court of Appeals addressed the federal issue as part of its plain error analysis." Nevertheless, noting *Nitschke* is the subject of a

---

[2]    Judge Hubel disagreed with petitioner on the basis: (1) the plain error portion of the rule permits the Oregon appellate court to act if it sees an obvious error not reasonably in dispute and this type of determination "does not involve the kind of merits analysis which would render the decision dependent on an examination of federal constitutional law" (quoting *Smith v. Hill*, 2011 WL 1085263, *5 (D. Or. Mar. 22, 2011)); (2) interpreting the rule as petitioner suggests ignores the part of the plain error rule that the court must determine whether to exercise its discretion to hear the case (citing *Ailes v. Portland Meadows, Inc.*, 312 Or. 376, 382 n.6 (1991); and (3) interpreting Oregon's plain error rule in the manner suggested by petitioner would be inconsistent with the concept of fair presentation in that "a litigant could raise any unpreserved [federal habeas] claim whatsoever, ask the Oregon Court of Appeals to review it as plain error, and would automatically receive a 'merits decision' for purposes of fair presentation" (quoting *Smith*, 2011 WL 1085263 at *5 (internal citation omitted)).

9 - FINDINGS AND RECOMMENDATION

petition for certiorari in the United States Supreme Court, Bohannon seeks to preserve this argument for later review.

Accordingly, given Bohannon's only claim was rejected pursuant to ORAP 5.45(1), the Court finds he failed to fairly present it to the Oregon courts in a procedural context in which its merit was considered, and it is now procedurally defaulted. Bohannon maintains he can demonstrate cause and prejudice to excuse any default of this *Blakely* claim. The Court disagrees.

### Cause and Prejudice

If a habeas petitioner has procedurally defaulted on a claim, or it has been procedurally barred on independent and adequate state grounds, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

To establish "cause," a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *LeGrand v. Stewart*, 133 F.3d 1253, 1261 (9th Cir. 1998)(quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). A showing of interference by state officials, constitutionally ineffective assistance of counsel, or that the factual and legal basis for a claim was not reasonably available may constitute cause. *Murray*, 477 U.S. at 488. "Prejudice" is actual harm resulting from the constitutional violation or error. *Maqby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).

To establish prejudice, a habeas petitioner must demonstrate that the alleged constitutional violation "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982)(emphasis in original).

Bohannon contends that given both the timeline of events in his case and the state of the law pertaining to judicial fact finding supporting upward departures at the time of his sentencing hearing, any default stemming from his failure to object to his upward departure sentences on Sixth Amendment grounds cannot be fairly attributable to him. Reply [34] at 5 (citing *Smith v. Baldwin*, 510 F.3d 1127, 1146 (9th Cir. 2007)). In addition, Bohannon maintains that he suffered actual prejudice as a result of the *Blakely* violation because the error was not harmless.

Here, even assuming Bohannon can establish cause for failing to preserve his *Blakely* claim, for the reasons set out below concluding that the claim is without merit[3], the Court finds that Bohannon cannot demonstrate that he suffered actual and substantial prejudice as a result of the error such that his procedural default of this claim should be excused.

---

[3] It is within the Court's discretion to bypass the procedural default issue altogether, and deny Bohannon's claim on the merits. *See* 28 U.S.C. § 2248(b)(2)("An application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")

11 - FINDINGS AND RECOMMENDATION

II. <u>Merits</u>

Alternatively, even assuming Bohannon fairly presented his *Blakely* claim to the Oregon Courts, thus preserving it for federal habeas corpus review, the claim fails on the merits.

A. <u>Standards</u>

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was:  (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A state court's findings of fact are presumed correct and Bohannon bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent."  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct legal

principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id.* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id.* at 409.

B.  <u>Analysis</u>

As a preliminary matter, the State "concedes that the imposition of departure sentences based on judicial factfinding violated the rule announced in *Blakely.*"  Respondent's Response [32] at 12. However, the parties agree that because the failure to submit a sentencing factor to the jury is not a structural error, it is subject to harmless error analysis. *Washington v. Recuenco*, 548 U.S. 212, 222 (2006); *Butler v. Curry*, 528 F.3d 624, 648 (9th Cir.), *cert. denied*, 129 S.Ct. 767 (2008)). Moreover, Bohannon contends the Oregon Court of Appeals' determination that there was "no legitimate debate" that a jury would have found the same departure factors was in essence a finding that any *Blakely* error was harmless.

The harmless error analysis requires this Court to determine if there is "grave doubt" as to whether a jury would have found the relevant aggravating factors beyond a reasonable doubt. *Butler*, 528 F.3d at 648. Grave doubt exists when, "in the judge's mind, the matter is so evenly balanced that he feels himself in virtual

equipoise as to the harmlessness of the error." *O'Neal v. McAninch*, 513 U.S 432, 435 (1995). As applied here, the question is whether there is "grave doubt" a jury would have found beyond a reasonable doubt that: (1) the victim here was "particularly vulnerable" within the meaning of OAR 213-008-0002(1)(b)(B)[4] due to her age and the fact her mother was undergoing cancer treatment; and/or (2) the offenses were particularly egregious in that Bohannon committed his crimes while his daughter slept in the same bed and that he ejaculated into his 11-year-old victim knowing he carried the hepatitis B and C viruses at the time. *See Id.* at 435-36.

> The Oregon Court of Appeals found as follows:
>
> We conclude there is no legitimate debate that the jury would have found the departure factors relied on by the trial court. The evidence of the victim's particular vulnerability included her age and her relationship to defendant -- he babysat her while her mother was ill. The combination of those facts satisfied us that the jury would have found that the victim was particularly vulnerable.
>
> With regard to the second departure factor, the particularly egregious nature of the offenses, the record showed the defendant's acts of abuse included ejaculation and that defendant admitted that he carried the hepatitis B and C viruses at the time he committed his offenses. Finally, defendant committed his crimes while his daughter slept in the same bed, and defendant's daughter testified at trial that she witnessed the crimes. The

---

[4] OAR 213-008-0002(1)(b)(B) states "[t]he offender knew or had reason to know of the victim's particular vulnerability, such as the extreme youth, age, disability or ill health of victim, which increased the harm or threat of harm caused by the criminal conduct."

> evidence was uncontroverted and, in our view,
> overwhelmingly established the particularly egregious
> nature of defendant's offenses. Accordingly, we decline
> to exercise our discretion to correct the assigned error.

Respondent's Exhibit 114 at 1-2.

Bohannon argues that constitutionally speaking there is no difference between the "particularly vulnerable victim" aggravating factor at issue here and the sentence enhancement based on "deliberate cruelty" that the Supreme Court overturned in *Blakely* itself. According to Bohannon, judicially noticeable facts such as the victim's young age or the typical scenario where the victim is left alone with his or her abuser would have already been contemplated by the drafters of the Oregon Sentencing Guidelines and taken into account when they established the presumptive sentences. As such, Bohannon argues, such facts cannot provide the basis for an upward departure sentence.

Moreover, Bohannon relies on what he describes as a "highly relevant decision", *Lyons v. Weisner*, 247 Fed.Appx. 440, 2007 WL 2683219 (4th Cir. 2007), to support his argument that the *Blakely* error in his case was not harmless. In finding the *Blakely* error was not harmless in *Lyons*, however, the Fourth Circuit specifically held that it did not have "fair assurance that a reasonable jury would have found beyond a reasonable doubt [that Lyons took advantage of a position of trust or confidence to commit his offense] to enhance Lyons's sentence" because: (1) the 15-year-old victim did not have a familial or "a particularly close

15 - FINDINGS AND RECOMMENDATION

relationship" with the abuser, nor was he very young so as to be extremely dependent on the defendant; and (2) the defendant used force (pointing a gun at the victim), rather than taking advantage of a position of trust, to commit his crimes. *Lyons*, 247 Fed.Appx. at 445-46.    Bohannon can point to no such clear discrepancies between the facts in his case and the definitions of the aggravating factors relied on to impose the departure sentences. To the contrary, the record reveals that:  (1) Bohannon knew his young victim's mother was ill and had been undergoing cancer treatment; (2) he committed these crimes with his daughter in the same bed; (3) his daughter witnessed the crimes; and (4) he ejaculated into the victim knowing he carried the hepatitis B and C viruses.

Bohannon also contends that the aggravating factors relied on here are subjective and therefore involve "an increased level of interpretive leeway before a fact-finder arrives at a specific conclusion" compared with more objective factors like age of the victim and an offender's parole status.  Petitioner's Reply [34] at 6 (citing *Ball v. Ryan*, 2012 WL 4397173, *2 (9th Cir. 2012); *Estrella v. Ollison*, 668 F.3d 593, 597 (9th Cir. 2011)). Accordingly, he suggests the Oregon Court of Appeals could not reliably predict what a hypothetical jury would decide with regard to such subjective aggravating factors as a particularly vulnerable victim or particularly egregious offense.

16 - FINDINGS AND RECOMMENDATION

The Court agrees with Bohannon that the aggravating factors at issue here do involve more subjective consideration than concrete factors such as age and parole status. Nevertheless, Bohannon cites to no authority, and the Court is aware of none, prohibiting examination of these more subjective factors to determine whether a *Blakely* error was or was not harmless. Indeed, the *Lyons* case relied on by Bohannon, involved the more subjective factor of whether the defendant took advantage of a position of trust or confidence to commit his offense. Accordingly, on careful review of the record, the Court can only conclude that Bohannon has failed to demonstrate that the Oregon Court of Appeals' denial of this claim based on its effective determination that the *Blakely* error was harmless, *i.e.*, that it has no "grave doubt" that a jury would have concluded beyond a reasonable doubt that the victim here was particularly vulnerable within the meaning of OAR 213-008-0002(1)(b)(B) and that the offenses were particularly egregious, even if debatable, was contrary to or involved an unreasonable application of federal law as determined by the Supreme Court.

## RECOMMENDATION

Based on the foregoing, the Amended Petition for Writ of Habeas Corpus [28] should be DENIED, and judgment should enter DISMISSING this case with prejudice.

In addition, the district judge should certify that Bohannon has not made a substantial showing of the denial of a

constitutional right pursuant to 28 U.S.C. § 2253(c)(2). This case is not appropriate for appellate review.

## SCHEDULING ORDER

The Findings and Recommendations will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this ____ day of June, 2013.

Paul Papak
United States Magistrate Judge

18 - FINDINGS AND RECOMMENDATION